OPINION OF THE COURT
Edward J. Greenfield, J.
Petitioner was a general partner in A. C. Kluger & Co., a brokerage firm which ceased to do business in November of 1972. Although it appears that an independent liquidator was appointed to collect the partnership assets and distribute them to the partnership’s creditors, many of the partnership’s debts remain unpaid and there are at least three outstanding judgments.
Each of the respondents herein, other than the Sheriff, are judgment creditors of the partnership who have issued executions directing the Sheriff to sell petitioner’s seat on the New York Stock Exchange. Petitioner, through counsel, had been able to work out informal arrangements with respondents Rubin and GTE who had delivered executions to the Sheriff in November of 1976 and August of 1977, respectively, as a result of which scheduled sales were adjourned.
Thereafter, in October of 1977, respondent, Marine Midland Bank, delivered an execution to the Sheriff directing the sale of petitioner’s seat. Upon receipt of this execution, the Sheriff notified GTE and Rubin, who revived their executions. The sale of petitioner’s seat, which was scheduled for March 29, 1978, has been stayed by this court, pending resolution of the instant application in which petitioner seeks: (1) to vacate the executions on the ground that his seat is not the proper subject of an execution; (2) a determination that Marine Midland’s judgment is unenforceable and (3) an order pursuant to CPLR 5240 denying respondents the right to execute on petitioner’s seat on the Exchange.
 There is no merit to petitioner’s contention that his seat is not subject to a levy. The fact that any purchaser of the seat could not take a place on the floor of the Exchange *602 unless he met the requirements imposed by and received the necessary approval of the Exchange, does not preclude a sale. However, insofar as petitioner seeks relief pursuant to CPLR 5240, which permits the court to modify, vacate or regulate enforcement procedures, petitioner has made a sufficient showing to justify a continued stay of any sale, subject to certain conditions. CPLR 5240 was designed to prevent "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.” (Third Preliminary Report of Advisory Committee on Practice and Procedure, p 314.) In an analogous situation, the court, in Holmes v W. T. Grant, Inc. (71 Misc 2d 486), stayed execution on a Sheriff’s sale of the home of welfare recipients, on condition that they pay the judgment creditor $20 per month. As noted therein, the exercise of the discretionary power granted by CPLR 5240 requires "harmonizing the judgment debtor’s interest in avoiding irreparable * * * harm * * * with the legitimate interest of a creditor in securing payment of a valid debt.” (Id., p 487.) Petitioner alleges that his seat forms the sole source of his livelihood, out of which he must support himself, pay alimony and child support and pay off any judgments. Petitioner has previously made payments on the judgments secured by respondents Rubin and GTE, but apparently as a result of decrease in his income has been unable to meet these payments. As the seat forms the sole source of moneys for his own support and payments by him for the support of his ex-wife and children, the loss of his seat on the Exchange might have a more deleterious effect than the sale of defendant’s home in the Holmes case referred to above. Respondent’s speculation that petitioner might make more money if he worked for a brokerage firm rather than being self-employed is pure speculation and is not supported by any facts in the papers before the court. On the other hand, if the court stays the sale of petitioner’s seat, the judgment creditors will continue to have a lien to protect their interests until the judgment is paid. A balancing of the equities clearly justifies the court in staying the sale on condition that the petitioner make periodic payments on the outstanding judgments, until the judgments are satisfied by petitioner and/or the other partners of A. C. Kluger.
As petitioner does not dispute the validity of the judgments obtained by respondents Rubin and GTE, the court will grant the petition to the extent of staying their respective execu *603 tions and the Sheriff’s sale of petitioner’s seat pursuant thereto on condition that monthly payments on account of the judgments are paid by petitioner. The judgment to be settled hereon shall set forth suggestions as to the amount of such payments and affidavits may be submitted.
With respect to the execution delivered to the Sheriff by Marine Midland, petitioner contends that the execution is invalid on the grounds that the partnership was never properly served in the underlying action and on the further ground that the action is based on a note entered into subsequent to the dissolution of the partnership and is accordingly not enforceable. Midland obtained its judgment in January of 1977. Service of the summons was made on one Ruth Johnson, who defendant denies was a partner of A. C. Kluger. Petitioner unequivocally states that Ms. Johnson was not a general partner. Although Marine Midland contends that it has documentation setting forth the identity of all 11 former partners, it does not state that Ms. Johnson is listed as a partner in this documentation, which has not been submitted to the court. Midland attempts to becloud the issue by refraining from stating in its papers that Ms. Johnson was a partner and merely alleges that "She obviously represented herself to the process server as such”. This statement is insufficient to raise an issue as to whether she was a partner, and is sheer conjecture. Moreover, the court takes judicial notice of the fact that Ruth Johnson is not listed as a partner in the Spring 1973 Edition of Security Dealers of North America, published by Standard & Poors. Accordingly, Marine Midland’s judgment against the partnership is hereby vacated on the grounds of lack of jurisdiction (see CPLR 5015, subd [a], par 4).
Accordingly, the petition is granted to the extent of (1) vacating the judgment and execution of Marine Midland and (2) staying execution on and the Sheriff’s sale of petitioner’s seat on the New York Stock Exchange by or pursuant to executions issued by respondents Rubin and GTE on condition that petitioner make monthly payments to these respondents until the judgment is satisfied in the amount set forth in the judgment to be settled hereon. If petitioner defaults in making these payments, respondents Rubin and GTE may move for leave to resume their executions. The judgment shall further provide that in the event the Sheriff schedules a sale pursuant to an execution delivered to the Sheriff by any other judgment creditor, the executions shall revive, without prejudice to *604 petitioner to move pursuant to CPLR 5240 to stay any such sale.